JENNIFER M. OLIVER (SBN 311196)
jennifer.oliver@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA  92101
Telephone:   619 239 8700
Fax:              619 702 3898

Attorney for Defendant
Lennar Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENNAR CORPORATION, a Delaware entity d/b/a WWW.LENNAR.COM,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br><br>Removal Filed:      December 7, 2023<br>State Action Filed: October 27, 2023 |

**TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SILVIA GARCIA, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that LENNAR CORPORATION, INC. a Delaware corporation dba LENNAR.COM ("Lennar" or "Defendant") removes the above-captioned action (the "Action") from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendant sets forth below "a short and plain statement of the grounds for

removal" pursuant to 28 U.S.C. § 1446(a). Defendant will provide evidence to support contested allegations of this pleading as required in response to any challenge to this Court's jurisdiction.[1]

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000.

## II. VENUE

2. This Action was filed in the Superior Court of the State of California for the County of Los Angeles, and therefore this district "embraces" the district in which the state court action was filed. 28 U.S.C. §§ 84(d), 1441(a).

## III. COMPLIANCE WITH STATUTORY REQUIREMENTS

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file (which consist of Plaintiff's Summons and Complaint) are attached to the Declaration of Jennifer M. Oliver as Exhibits A – C.

### A. Service On The State Court

4. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"). As the Supreme Court has clarified, "[i]f the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 553-554.

California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

### B. Pleadings, Process, And Orders

5. On October 27, 2023, Plaintiff Silvia Garcia filed a class action in the Superior Court of the State of California for the County of Los Angeles entitled *SILVIA GARCIA, individually and on behalf of all others similarly situated v. LENNAR CORPORATION, a Delaware corporation dba LENNAR.COM,* Case No. 23STCV26484. (Declaration, ¶ 2.) In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, and Proof of Service is attached to the Declaration of Jennifer M. Oliver as **Exhibit A**. The Complaint alleges one cause of action: violation of the California Invasion of Privacy Act in violation of Cal. Penal Code §631(a). The complaint seeks injunctive relief and declaratory judgment, as well as statutory damages and attorneys' fees. (Complaint, Prayer ¶¶ 1 – 8).

6. A true and correct copy of all other pleadings and orders in the matter now pending before the Los Angeles County Superior Court are attached to the Declaration of Jennifer M. Oliver as **Exhibit B**. (Declaration, ¶ 3.)

7. Service of the Summons and Complaint upon Defendant Lennar was made on November 8, 2023. (Declaration, ¶ 4.) A true and correct copy of the Proof pf Service received by Lennar is attached to the Declaration of Jennifer M. Oliver as as **Exhibit C**. (Declaration, ¶ 5.)

### C. Removal Is Timely

8. This removal is timely. Service of the Summons and Plaintiff's Complaint was made on Defendant on November 8, 2023 (Declaration, ¶¶ 2-5.) This removal is made within 30 days of the service on Defendant.

### D. No Admission

9. By filing this Notice of Removal, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that

Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

## IV. ORIGINAL DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

### A. There is Complete Diversity between All Plaintiffs and All Defendants.

10. This Court also has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a). Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a)(1).

11. All requirements are satisfied here because there is complete diversity between Defendant and all named plaintiffs and absent class members, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088 (9th Cir. 1983). Here, Plaintiff alleges that "Plaintiff is a resident and citizen of California." Complaint ¶ 4.

13. Plaintiff also pleads a class defined as "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Complaint ¶ 28. Therefore, both named and absent class members are residents of California.

14. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and

coordinate the corporation's activities. *See Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.*

15. Lennar Corporation is a corporation organized and existing under the laws of the state of Delaware. Declaration ¶ 7. Its principal place of business, executive, administrative, and financial offices are located in Miami, Florida. *Id.* Additionally, the vast majority of Lennar corporate decisions – including operational, executive, administrative, and policymaking decisions – are made at the Florida headquarters. *Id.* Accordingly, Defendant Lennar is a citizen of Delaware (incorporated) and Florida (principal place of business). It was not a citizen of California at the time the State Court Action was filed and is not a citizen of California now. Plaintiff concedes that Lennar is not a citizen of California. Complaint ¶ 2 ("no Defendant is a citizen of California.").

### B. The Amount in Controversy Exceeds $75,000.

16. The jurisdictional element of amount in controversy concerns "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *See Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (*quoting Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986(S.D. Cal. 2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn*, 536 F. Supp. 2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2nd 993, 1001 (C.D. Cal. 2002)). It includes potential general and special damages, and penalties, as well as attorney's fees if recoverable by statute or contract. *See, e.g.*, *Richmond v. Allstate Ins. Co.* 897 F. Supp. 447, 449-450 (S.D. Cal. 1995) and *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

17. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert

that the jurisdictional threshold has been met." *Patel v. Nike Retail Services, Inc.* 58 F. Supp. 3d 1032, 1037 (N.D. Cal. 2014) (quoting H.R. REP. 112–10, 15–16, 2011 U.S.C.C.A.N. 576, 580) (internal quotation omitted).

18. If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996). Moreover, all claims can be aggregated to meet the minimum jurisdictional amount. *See Bank of Calif. v. Twin Harbors Lumber Co.* 465 F.2d 489, 491(9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Defendants need only plausibly allege that the amount in controversy exceeds the threshold. *Id.* at 553 ("The defendant's amount-in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

19. Economic damages (including statutory damages), non-economic damages, general damages, attorney's fees and costs, and punitive damages are all included in determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.* 75 F.3d 311, 315 (7th Cir. 1996) (finding prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (finding prayer for attorney's fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.*

20. The proposed class is estimated by Plaintiff to be "between 50 and 75." Complaint ¶ 29. Plaintiff alleges that Lennar has violated the California Invasion of

Privacy Act ("CIPA") and seeks statutory damages thereunder. California Penal Code § 637.2(a)(1) sets statutory damages for CIPA violations at $5,000 per violation. Although the Complaint does not include a specific *ad damnum,* the damages sought will exceed $75,000 (and based upon the estimated class size and statutory damages per violation, Plaintiff currently estimates between $250,000 and $500,000).

21. Complete diversity of citizenship exists between all Plaintiffs and Defendants, and Plaintiff's contentions place a sum well in excess of $75,000 in controversy, exclusive of interest and costs. Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

DATED: December 7, 2023           BUCHANAN INGERSOLL & ROONEY LLP

                                  By: /s/ Jennifer M. Oliver
                                      JENNIFER M. OLIVER
                                      Attorney for Defendant
                                      Lennar Corporation