JENNIFER M. OLIVER (SBN 311196)
jennifer.oliver@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

Attorney for Defendant
LENNAR CORPORATION
D/B/A WWW.LENNAR.COM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SILVIA GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

LENNAR CORPORATION, a Delaware entity d/b/a WWW.LENNAR.COM,

Defendant.

Case No.: 23-cv-10298-FMO-DFM

*Assigned to District Judge: Hon. Fernando M. Olguin and Magistrate Judge: Hon. Douglas F. McCormick*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE**

| | |
|---|---|
| Date: | October 23, 2025 |
| Time: | 10:00 a.m. |
| Courtroom: | 6D |
| Removal Filed: | December 7, 2023 |
| Complaint Filed: | October 27, 2023 |

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff's so-called injuries were self-inflicted, and she had no reasonable expectation of privacy when she visited Lennar's site for the purpose of generating a claim. .......... 2

B. Sections A.3 and A.4 of the Opposition are mere diversions .......... 4

C. Plaintiff's Section 638.51 claim also fails because she does not allege a trap and trace device. .......... 5

D. Plaintiff's attempt to introduce extrinsic evidence at the pleading stage must be rejected. .......... 8

E. Plaintiff's motion to strike should be granted. .......... 8

III. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................1, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................1, 7

*Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023)....................2

*Casillas v. Transitions Optical*, 2024 WL 4873370 (L.A. Sup. Ct. Sept. 9, 2024)....................4, 5, 6, 7, 8

*Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017)....................3

*Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461 (N.D. Cal. 2021)....................7

*Doe I v. Google, LLC*, 741 F. Supp. 3d 828 (N.D. Cal. 2024)....................6

*Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 142 S. Ct. 1638, 212 L. Ed. 2d 654 (2022)....................2, 3, 4

*Gabrielli v. Insider, Inc.*, 2025 WL 522515 (S.D.N.Y. Feb 18, 2025)....................4

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)....................2, 3

*Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182 (N.D. Cal. 2020)....................5

*Heiting v. FKA Distributing Co. LLC*, 2025 WL 1430663 (C.D. Cal. Apr. 3, 2025)....................4

*Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726 (N.D. Cal. June 24, 2025)....................4

*Licea v. Hickory Farms*,
(L.A. Sup. Ct. Mar. 13, 2024)....6

*Lopez v. Apple, Inc*.,
519 F. Supp. 3d 672 (N.D. Cal. 2021)....7

*Lopez v. County of Tulare*,
2012 WL 33244 (E.D. Cal. Jan 6, 2012)....9

*Mitchener v. Curiositystream, Inc.*,
2025 WL 2272413 (N.D. Cal. Aug. 6, 2025)....4

*People v. Stipo*,
195 Cal. App. 4th 664 (2011)....4

*Rodriguez v. Autotrader.Com, Inc.*,
2025 WL 1122387 (C.D. Cal. Mar. 14, 2025)....2

*Sanchez v. Cars.com, Inc.,*
2025 WL 487194 (C.D. Cal. Jan. 27, 2025)....6

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2007)....4, 5

*Whittlestone, Inc. v. Handi-Craft Co*.,
618 F.3d 970 (9th Cir. 2010)....8

*Zhizhi Xu v. Reuters News & Media Inc.*,
2025 WL 488501 (S.D.N.Y. Feb. 13, 2025)....4

**Statutes**

CIPA § 631....1

CIPA § 638.51....1, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)....8

Fed. R. Civ. P. 12(c)....8, 9

Fed. R. Civ. P. 12(d)....8

Fed. R. Civ. P. 12(f)....8, 9

Defendant Lennar Inc. ("Lennar" or "Defendant") respectfully submits this Reply to Plaintiff Silvia Garcia's ("Plaintiff" or "Ms. Garcia") Opposition ("Opp.") to Defendant's Motion for Judgment on the Pleadings and to Strike ("MJOP").

## I. INTRODUCTION

Rather than addressing the dispositive points in Lennar's moving brief, Plaintiff sidesteps key issues in favor of red herrings and nonresponsive digressions that at times appear to be pieced together from unrelated pleadings. Notably, Plaintiff has seemingly abandoned her claim under the California Invasion of Privacy Act ("CIPA") Section 631, ignoring the Ninth Circuit's compelling ruling in the *Gutierrez v. Converse* case (MJOP 2-4) and dedicating just a single paragraph at the end of her brief to the claim.

Plaintiff's remaining claim under CIPA Section 638.51 must also fail because she lacks standing to pursue it, and the cases she cites[1] are not controlling and easily distinguished. Plaintiff's injuries were self-inflicted and, as a tester plaintiff, she lacked the requisite reasonable expectation of privacy necessary to state a CIPA Section 638.51 claim. She has also failed to allege that any software on Lennar's site operates as a pen register or trap and trace device, and cannot effectively refute case law finding that website owners collecting IP addresses are electronic service providers who are exempt from the statute.

And finally, Plaintiff's conclusory allegations regarding what hypothetical "tracking" software "can" do are simply not sufficient to support a cognizable cause of action under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Her claims should be dismissed.

[1] As discussed below, Plaintiff also relies on a declaration from counsel and exhibits thereto, none of which may properly considered at the pleading stage and should be disregarded.

## II. ARGUMENT

### A. Plaintiff's so-called injuries were self-inflicted, and she had no reasonable expectation of privacy when she visited Lennar's site for the purpose of generating a claim.

A reasonable expectation of privacy is a prerequisite to a Section 638.51 claim. *Rodriguez v. Autotrader.com, Inc.*, 2025 WL 1122387, at *2 (C.D. Cal. Mar. 14, 2025). Plaintiff dedicates much of her opposition brief to arguing that visiting websites for the purpose of generating CIPA claims does not destroy her standing to bring such claims. Not so. When Plaintiff visited Lennar's website, she did so with the explicit understanding and hope that it would capture and share her IP address through one of the many routine tools consumer-facing companies use to analyze their own website data. This Court has already squarely addressed this issue in *Rodriguez*, another Pacific Trial Attorneys case alleging violation of a CIPA Section 638.51 by a different tester plaintiff.

In *Rodriguez,* Judge Klausner noted that tester plaintiff Rebeka Rodriguez lacked standing to pursue her Section 638.51 claim because, as "a tester that seeks out invasions of privacy… [she] expected an invasion of privacy, [and] she cannot claim that she had a reasonable expectation to privacy, and therefore lacks an injury in fact sufficient to establish standing." *See also Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing because a tester plaintiff has no expectation of privacy and therefore cannot be injured).

This case is no different: Ms. Garcia does not deny that she is a "tester" plaintiff who visited Lennar's website in order to generate an invasion of privacy claim, and her extensive history of filing them demonstrates as much. Instead, she argues that her self-inflicted injury is sufficient to confer standing under the Supreme Court case *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982). Opp. at 1. But as the *Autotrader* court aptly noted, *Havens* does not apply here:

> To be sure, Plaintiff cites to various cases recognizing that a tester may have standing even if it fully expected to be injured. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982). However, Plaintiff's cases are inapposite. In these cases, the tester plaintiffs' expectations and actions had no bearing on whether they had been injured. For example, in *Havens Realty Corp.*, tester plaintiffs asserted claims against the owner of an apartment complex for violations of the Fair Housing Act, which prohibits misrepresenting the availability of a dwelling "to any person because of race, color, religion, sex, or national origin." *Id.* at 373. The apartment complex owner argued that the plaintiffs lacked standing because they not only expected to receive a misrepresentation, but also did not intend to buy or rent a home. *Id.* at 373-74. The Supreme Court rejected this argument, however, finding that nothing in the Fair Housing Act's plain language required a plaintiff to expect truthful disclosure or to intend to buy or rent a home. *Id.* The misrepresentation alone had caused the injury. *Id.* <u>The same cannot be said here. Plaintiff's injury squarely depends on her expectations, as an invasion of privacy requires a reasonable expectation of privacy to have been violated. And as a tester seeking to file lawsuits for invasions of her privacy, she had no expectation of privacy, and thus, no injury in fact.</u>

Nothing Plaintiff cites changes this analysis because those cases do not address a claim where—as here—a reasonable expectation of privacy at the time the alleged invasion occurs is a prerequisite requirement to state a claim.

As Judge Klausner explicitly found in *Rodriguez*, (1) *Fed. Election Comm'n v. Cruz,* 596 U.S. 289, 296-97, 142 S. Ct. 1638, 212 L. Ed. 2d 654 (2022) (relied upon in Opp. at 1, 2) and (2) *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1101-02 (9th Cir. 2017) (relied upon in Opp. at 1, 2) are also not relevant to a court's analysis of website <u>privacy</u> claims because those cases "<u>involved First Amendment and ADA claims for which the plaintiffs were injured regardless of their expectations or intentions.</u>" *Rodriguez,* 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025) (dismissing Section 638.51 claim because plaintiff is a tester and therefore can have no reasonable expectation of privacy) (emphasis added).

Here, as there, Plaintiff is "a tester that visited and entered information into Defendant's website expecting the information to be accessed, recorded, and

disclosed, she cannot claim an injury when her expectations were ultimately met." *Id.* The cases Plaintiff cites in defense of her standing to sue are the same type the *Rodriguez* court has already distinguished as inapposite. *Rodriguez* is directly on point and this Court should follow its analysis here. *See also Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726 (N.D. Cal. June 24, 2025); *Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413 (N.D. Cal. Aug. 6, 2025) (citing *Rodriguez* and finding that a violation of CIPA requires a reasonable expectation of privacy); *Heiting v. FKA Distributing Co. LLC*, 2025 WL 1430663 (C.D. Cal. Apr. 3, 2025) (granting motion to dismiss where plaintiff did not sufficiently demonstrate the concrete injury required to establish violation of Section 638.51).[2]

**B. Sections A.3 and A.4 of the Opposition are mere diversions.**

After addressing (or failing to address) *Autotrader*, Plaintiff's brief spends several pages discussing the duty to disclose under the California Consumer Privacy Act ("CCPA"), Lennar's consent management configuration, and Optimizely and Cloudflare, two hosting and testing technologies purportedly on Lennar's website. But Plaintiff does not allege a claim under the CCPA, makes no allegation in the FAC related to the consent management system, and does not even mention Optimizely and Cloudflare in the FAC. *See generally* FAC; Opp. at 7-11. Section A.3 of the Opposition is therefore entirely irrelevant and should be disregarded.

Likewise, Plaintiff dedicates Section A.4 of her Opposition to distinguishing a single case, *United States v. Forrester*, 512 F.3d 500, 519 (9th Cir. 2007), by characterizing it as outdated. Opp. at 11-13. But Plaintiff neglects to recognize that Lennar's brief cited *Forrester* alongside several other more recent opinions that

[2] Sister courts are in accord. *See, e.g., Zhizhi Xu v. Reuters News & Media Inc.*, 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025) (dismissing CIPA 638.51 claim for lack of standing for lack of concrete injury because a mere procedural violation such as installation & use of trackers without court authorization without resulting injury is insufficient to state a claim); *Gabrielli v. Insider, Inc.*, 2025 WL 522515 (S.D.N.Y. Feb 18, 2025) (same).

reach the same holding.[3] For example, the court in *Casillas v. Transitions Optical,* 2024 WL 4873370 (L.A. Sup. Ct. Sept. 9, 2024) recently "reviewed [Forrester] and concluded '[t]he view that there is no privacy interest in IP addresses provided to a service provider or website is well established.'" MJOP at 21. The discussion of *Forrester* and the ECPA—another claim not at issue here—in Point A.4 of the Opposition is therefore also irrelevant.

**C. Plaintiff's Section 638.51 claim also fails because she does not allege a trap and trace device.**

Plaintiff next suggests that her claim should survive because "at least thirteen" federal decisions have "comprehensively explained that third-party tracking software like what is alleged in the FAC can constitute either a pen register or trap and trace device under 638.51." Opp. at 14. This conclusory statement should be rejected for several reasons, including that: (1) the cases Plaintiff cites are merely examples in which courts have allowed Section 638.51 claims to survive past the pleading stage; (2) none of those opinions specifically address the Hotjar or Rapleaf software at issue here; (3) Plaintiff offers no facts to support the suggestion that the technology at issue in those cases is "like what is alleged in the FAC"; and (4) Plaintiff does not argue that the allegations in her FAC were similar to or as plausible as the facts alleged in those cases.

Notably, other than the extensive discussion of *Forrester* mentioned above, Plaintiff makes no effort to distinguish the persuasive case law discussed at length in Lennar's moving brief, such as *Casillas v. Transitions Optical*. There, as here, the plaintiff's complaint purported only to "describe what website operators 'can' do, describing hypothetical events having no specific relation to either Plaintiff or Defendant." *Casillas*, 2024 WL 4873370, at *2. And there, as here, the plaintiff's

[3] *See* MJOP at 21 (citing *People v. Stipo*, 195 Cal. App. 4th 664, 669 (2011) ("Internet users have no expectation of privacy in … IP addresses"); *Forrester*, 512 F.3d at 510 (same); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1190 (N.D. Cal. 2020) (same)).

described experience was "completely generic, with no specifics regarding dates" or "about her accessing [the defendant's] website," and she "describes no actual instance of [the defendant] obtaining unauthorized access to [her] private information." *Id.* at *3. The *Casillas* court dismissed the plaintiff's Section 638.51 claim on this basis, and, having been presented with no reason why that case is any different, this Court should do the same. *See also Doe I v. Google, LLC*, 741 F. Supp. 3d 828, 839 (N.D. Cal. 2024) (dismissing website CIPA claims where "[p]laintiffs' failure to use precise language when describing the type of information that [was] allegedly transmitted" "ma[de] it unclear what [were] true factual allegations and what [was] just speculation"); *Sanchez v. Cars.com Inc.*, 2025 WL 487194, *2 (C.D. Cal. Jan. 27, 2025) (dismissing Pacific Trial Attorneys complaint that merely "provide[d] a lengthy exposition of theoretical possibilities of what website operators 'can' do to deploy tracking software").

Rather than addressing Lennar's cases, Plaintiff redirects the Court to *Greenley*,[4] a case decided outside this district that, according to Plaintiff, held that a "software can be a process if it identifies consumers, gathers data, and correlates that data." Opp. at 17. But there is no allegation in Plaintiff's FAC that the Rapleaf or Hotjar software did those things during her visit to the site.

Plaintiff alleges only that Lennar "intentionally deployed a software device and process to (1) decode and record the routing, addressing, and signaling information transmitted by Plaintiff's electronic device communication; and (2) capture the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing or signaling information reasonably likely to identify the source of a wire or electronic communication." FAC ¶ 45. In other words, Lennar's site contains software that can capture a user's IP address. Theories of liability for an internet interaction this basic have been, and should be,

[4] *Greenley* is also factually distinguishable. There, the defendant produced a Software Development Kit intended for use in third party software applications, not a retail facing website operator.

soundly rejected by courts that have considered it. *See, e.g., Licea v. Hickory Farms,* (L.A. Sup. Ct. Mar. 13, 2024) (dismissing Pacific Trial Attorneys Section 638.51 and noting "[t]he court also finds public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator. Such a broad-based interpretation would potentially disrupt a large swath of internet commerce without further refinement as the precise basis of liability, which the court declines to consider.").

Perhaps recognizing this deficiency, Plaintiff's Opposition then suggests that the Court can and should read additional allegations into the FAC that simply do not exist. For example, Plaintiff suggests that the Court can "infer" an allegation that Lennar's website can geolocate users, citing only to paragraph 10 of the FAC, which says nothing whatsoever about the website technology or geolocation. Opp. at 17. She also suggests that the Court may "glean" from the FAC that Hotjar and ATData (Rapleaf) gather IP addresses and other information such as geolocation data. *Id.* Again, there is simply no such allegation in the FAC, and even if there were, a conclusory allegation as to what Plaintiff believes a software "can do" is insufficient; she must allege facts to plausibly support that a violation actually occurred during her visit. *See generally Ashcroft,* 556 U.S. 662; *Bell Atlantic Corp.*, 550 U.S. 544.

Plaintiff's insistence that Lennar is not an electronic service provider is also misguided; Plaintiff argues that federal courts have rejected a broad interpretation of the term electronic communication service provider but fails to inform the Court that neither of the cases she cites were interpreting that term as it is used in Section 638.51. Opp. at 25. The courts in *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672 (N.D. Cal. 2021) and *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461 (N.D. Cal. 2021) (both cited in Opp. at 25) were both analyzing a claim under a different statute—the Stored Communications Act—when interpreting that term, and therefore those

cases are irrelevant. The court in *Casillas,* on the other hand, was deciding a Section 638.51 claim when it analyzed the scope of the term electronic communication service provider. *Casillas,* 2024 WL 4873370, at *4. The *Casillas* court dismissed that claim after finding that website operators are electronic communication service providers under Section 638.51 and are therefore exempt from liability under the statute. *Id.*

**D. Plaintiff's attempt to introduce extrinsic evidence at the pleading stage must be rejected.**

Only facts disclosed on the face of the pleadings, documents incorporated by reference therein, and matters that can be judicially noticed are considered when ruling upon a Rule 12 motion. *See* Fed. R. Civ. Pro. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Here, Plaintiff's counsel Scott Ferrell has attached a declaration to Plaintiff's Opposition seeking to introduce two exhibits extrinsic to the pleadings: (1) an analysis of a "computer expert who [purportedly] analyzed the effect of the consent management platform depicted on the website"; and (2) Defendant's website privacy policy dated January 9, 2025, nearly two years after Plaintiff's visit to the site. These exhibits are not referenced or incorporated in the pleadings. Attaching a previously undisclosed expert report to a Rule 12 motion is patently improper, and attaching an irrelevant privacy policy that is not referenced in the complaint and was not even in effect during the events at issue is misleading. Counsel should know better. The Court must disregard Mr. Ferrell's declaration and the exhibits thereto.

**E. Plaintiff's motion to strike should be granted.**

Finally, Plaintiff argues that punitive damages cannot be stricken under Fed. R. Civ. P. 12(f). But Lennar has moved for a motion for judgment on the pleadings

under Rule 12(c), and punitive damages can be stricken under Rule 12(c). As *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970 (9th Cir. 2010)—the case upon which Plaintiff relies—found, a motion under Rule 12(b)(6) is a proper method to strike punitive damages claims. Because Rule 12(c) motions are akin to Rule 12(b)(6) motions filed after an answer is filed, courts treat a Rule 12(f) motion as a Rule 12(c) motion to strike punitive damages. *See Lopez v. County of Tulare,* 2012 WL 33244 (E.D. Cal. Jan 6, 2012) (converting Rule 12(f) motion to strike into a Rule 12(c) motion to strike).

## III. CONCLUSION

Plaintiff has abandoned her Section 631 claim, and her Section 638.51 claim is fatally deficient for all of the numerous reasons outlined herein and in Lennar's moving brief. For all of these reasons, the FAC should be dismissed in its entirety. If the FAC is not dismissed in its entirety, Lennar respectfully submits that Plaintiff's plea for punitive damages should be stricken.

DATED: October 14, 2025 BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Jennifer M. Oliver*
JENNIFER M. OLIVER
Attorney for Defendant
Lennar Corporation d/b/a www.lennar.com

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendant Lennar Corporation certifies that this brief contains 2,732 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 14, 2025

BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Jennifer M. Oliver*
JENNIFER M. OLIVER
Attorney for Defendant
Lennar Corporation d/b/a www.lennar.com