JENNIFER M. OLIVER (SBN 311196)
jennifer.oliver@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

Attorney for Defendant
LENNAR CORPORATION
D/B/A WWW.LENNAR.COM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENNAR CORPORATION, a Delaware entity d/b/a WWW.LENNAR.COM,<br><br>Defendant. | Case No.: 23-cv-10298-FMO-DFM<br><br>*Assigned to District Judge: Hon. Fernando M. Olguin and Magistrate Judge: Hon. Douglas F. McCormick*<br><br>**DEFENDANT LENNAR CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Removal Filed: December 7, 2023<br>Complaint Filed: October 27, 2023 |

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD: Defendant Lennar Corporation d/b/a www.Lennar.com ("Defendant") hereby provides notice that on October 17, 2025, the United States District Court for the Northern District of California issued an order granting Defendant Eating Recovery Center LLC's Motion for Summary Judgement on Plaintiff Jane Doe's California Invasion of Privacy Act (CIPA) claim in *Jane Doe v. Eating Recovery Center LLC,* Case No. 23-cv-05561-VC, attached hereto as Exhibit 1 (the "Opinion"). Among other things, Judge Chhabria found that:

- "CIPA is a criminal statute … [and] … even when the statute is being invoked in a civil action… [w]hen the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage." (Opinion at 2.)

- "[T]he problem with cases involving the tracking of online activity [is]—the statutory language was drafted with very different technology in mind, and it does not map properly onto the internet." (Opinion at 9.)

- "[CIPA] is ill-suited for application to internet communications. The Legislature has never, in over four decades, amended Section 631 to adapt its language to the digital age. And California has since adopted other statutes that more clearly speak to the practice of data sharing." (Opinion at 11.)

- "[U]sing a third-party company to perform data analytics for web traffic is worlds different from wiretapping and eavesdropping." (Opinion at 11.)

- "Given the statute's ambiguity and its imposition of criminal liability, perhaps courts should not be so quick to assume that …. [the Legislature] really intend[s] to subject companies … to criminal liability for using third-party software to track website activity." (Opinion at 12.)

- "As difficult as it is to apply CIPA to the physical world, it's virtually impossible to apply it to the online world. Hopefully, the Legislature will go back to the drawing board on CIPA. Indeed, it would probably be best to erase the board entirely and start writing something new. But until that happens, courts should not contort themselves to fit the type of conduct alleged in this case into the language of a 1967 criminal statute." (Opinion at 12.)

DATED: October 21, 2025 BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Jennifer M. Oliver*
JENNIFER M. OLIVER
Attorney for Defendant
Lennar Corporation d/b/a www.lennar.com